Garsh, J.
INTRODUCTION
This court allowed the Commonwealth’s motion to compel the defendant, Russell Burgess (“Burgess”), to execute a Tax Information Authorization permitting the Commonwealth to obtain, from the Internal Revenue Service, copies of Burgess’ federal income tax returns, if any, for the years 1987 through 1990 [5 Mass. L. Rftr. No. 4, 81 (April 29, 1996)]. The defendant now seeks clarification of that decision and order and requests that the matter be reported for appellate determination pursuant to Mass.R.Crim.P. 34. After review, the defendant’s motion for clarification and request for report of question is allowed. To the extent that the motion also seeks reconsideration of this court’s order, it is denied.
CLARIFICATION
Paragraph four of the defendant’s motion notes that the court’s decision is silent as to sections four through six of the Tax Information Authorization. These sections were not referenced because the Commonwealth’s proposed authorization leaves those sections blank, and the court approved, with certain modifications, the document “in the form attached to the Motion to Compel.” Should the Commonwealth provide the defendant with a form that has any of the boxes in those sections checked, Burgess would not violate the Order by declining to execute it because the authorization would not then be “in the form attached to the Motion to Compel.” The Commonwealth did not seek permission to make any alterations to the form after it was executed by Burgess and does not now seek such permission. Burgess is correct that the court did not intend that the Commonwealth be allowed to exercise any of the options in sections four through six subsequent to Burgess’ execution of the authorization. The Order will be amended to make that intention explicit.[1]
Obviously, Burgess cannot execute the Tax Information Authorization before the Commonwealth has provided it to him and, therefore, the defendant correctly notes in paragraph five of his motion that the timing of the preparation of the form affects the timing of compliance with the court’s Order. The court had assumed that the Commonwealth would provide the authorization to Burgess in time for Burgess to execute it within the ten-day limit in the Order. The timing will be clarified.
Paragraphs six through nine of the defendant’s motion appear to seek reconsideration of the order that Burgess execute the Tax Information Authorization. No new arguments are made in paragraphs six through eight. Whether the authorization ultimately may lead to the provision of information that may assist the prosecution in uncovering evidence by allowing the Internal Revenue Service to release infor *382 mation is not critical. The compelled authorization may indeed be the “sine qua norf to the production of tax returns by the Internal Revenue Service or the advice by the Internal Revenue Service that no returns may be located, and the contents of those returns or their non-existence may be incriminating, but the authorization itself is not testimonial for the very same reasons that the compelled consent directive authorizing disclosure of foreign bank records was not deemed testimonial by the United States Supreme Court in Doe v. United States, 487 U.S. 201 (1988). Nothing in or on the form Burgess has been directed to execute will “provide information that will assist the prosecution in uncovering evidence.” Id. at 215 (1988).
Paragraph nine of the motion to clarify argues, for the first time, that certain language in the Privacy Act and Paperwork Reduction Act Notice on the bottom of the printed Tax Information Authorization reveals evidence as to Burgess’ state of mind. Quite clearly, such language as “use [of Form 8821] is voluntary” refers only to optional usage of the official printed form. In any event, in order to accommodate Burgess, and because the Notice is mere surplusage, the Commonwealth will be directed to cross out the entire notice before providing the form to Burgess for his signature.
The question of Burgess’ “right to revoke the authorization” raised in paragraph ten of the defendant’s motion is not germane to the Commonwealth’s motion to compel. Whether Burgess may frustrate the court’s Order by executing a revocation immediately after executing the compelled authorization is a hypothetical situation this court need not address.
REPORT
The application of Doe to a compelled tax information authorization is an issue of first impression, as is the application of article twelve of the Massachusetts Declaration of Rights to a situation in which Doe mandates the conclusion that no Fifth Amendment rights would be violated. These questions are of importance to the general public, and they are of substantial significance. The Commonwealth does not oppose the defendant’s request for a report pursuant to Rule 34 of the Massachusetts Rules of Criminal Procedure. Subsequent proceedings in this action will be substantially facilitated by a report.[2] The questions raised by the Commonwealth’s Motion to Compel are “so important ... as to require the decision of the Appeals Court.” Rule 34. Accordingly, the court will report to the Appeals Court the correctness of its order.
ORDER
For the reason set forth above, it is hereby ORDERED that:
1. Defendant’s motion for reconsideration is DENIED;
2. Defendant’s motion for clarification is ALLOWED, and the Order dated March 26, 1996, is hereby amended as follows:
A. Russell Burgess shall forthwith sign a Tax Information Authorization presented to him by the Commonwealth in the form attached to the motion to Compel that contains the following additional language in section 1:
Taxpayer’ is used solely as the designation of the person making this request and is not intended to, and does not, imply any obligation on the part of the requester to have filed any tax returns,” and that adds the words “if any” after the following words in section two: “authorized to inspect and/or receive confidential tax information,” and that crosses out the Privacy Act and Paperwork Reduction Act Notice; and,
B. said Tax Information Authorization shall be presented to Russell Burgess for his immediate signature within ten days of the date of this Order; and,
C. after Russell Burgess has executed said Tax Information Authorization, the Commonwealth may make no changes to that document; and
D. the Assistant Attorney General may disclose information received pursuant to said Tax Information Authorization only to persons in the Office of the Attorney General personally and directly engaged in the prosecution of the instant criminal proceeding and such information shall be used solely in connection with the prosecution of this proceeding unless this restriction is amended by further order of the court;
3. Defendant’s motion for report of question is ALLOWED, and the following is hereby reported to the Appeals Court:
A. the correctness of this court’s Order dated March 26, 1996, as amended herein,
B. whether the Fifth Amendment to the United States Constitution precludes compelling the defendant to sign a federal tax information authorization in the form approved by this court,
C. whether Article Twelve of the Massachusetts Declaration of Rights precludes compelling the defendant to sign a federal tax information authorization in the form approved by this court, and
D. whether 26 U.S.C. §6103 deprives this court of jurisdiction to order Burgess to execute any compelled tax information authorization form;
4. Compliance with this Order is stayed pending the decision of the Appeals Court on the Report.

The Commonwealth suggests that if the defendant wants clarification, he may check Box 5B when he signs the Tax Information Authorization, an action the Commonwealth would not oppose. Burgess himself does not seek permission to make that entry on the form when it is provided to him for execution. To the extent that Burgess and the Commonwealth agree upon any changes to the Tax Information Authorization, those changes may be made without violating the court’s Order.

Counsel for the parties have also advised the court that the identical issue is pending in a related case in a different county.